**Thomas GRELLIA, Libellant,**

v.

**ACADIA OVERSEAS FREIGHTERS, LTD., and THE S.S. SHELBOURNE COUNTY, Respondents, and Commercial Metals Company and Pittston Stevedoring Corporation, Impleaded-Respondents.**

**No. 20117.**

United States District Court
E. D. New York.

Feb. 23, 1959.

Philip F. DiCostanzo, Brooklyn, N. Y., for libellant.

Giallorenzi & Cichanowicz, New York City, for Acadia Overseas, etc., respondent.

Burlingham, Hupper & Kennedy, New York City, for Commercial, etc., respondent.

ZAVATT, District Judge.

Pursuant to Calendar Rule 1 of this Court, as amended February 26, 1957, effective March 1, 1957, the impleaded respondent, Commercial Metals Company, filed with the clerk of this Court its

opposition to placing this case on the calendar.

This is a libel in rem against The S.S. Shelbourne County and a libel in personam against Acadia Overseas Freighters, Ltd., the owner and operator of said vessel. The libel alleges that the libellant, a longshoreman, was employed by Pittston Stevedoring Corporation which, pursuant to a contract with the owner of the vessel, was engaged in the discharging of cargo therefrom on June 22, 1950, and that on that date, while the libellant was employed by said stevedoring corporation on board the said vessel, the libellant sustained personal injuries because of a defective winch. He seeks damages in the sum of $150,000.

Although the injuries are alleged to have been sustained on June 22, 1950, the libel was not filed until exactly three years thereafter, to wit, on June 22, 1953. On December 3, 1954 this case appeared upon the dismissal calendar because no action had been taken to process it for trial since the filing of the libel. Dismissal of the action was deferred on the call of that calendar. On June 3, 1955, the action was again on a dismissal calendar and again dismissal for failure to prosecute was deferred. The case appeared on the dismissal calendar of December 2, 1955, at which time the Court granted to the libellant a further period of six months within which to process the case for trial. The libellant having taken no steps to process the action for trial within the said six months' period, an order was made, filed and entered on or about June 12, 1956, dismissing the action for failure of the libellant to prosecute.

The proctors for the libellant contend that they did not seek a further extension of time within which to prosecute the action because they had been led to believe, some time prior to June 12, 1956, that the action would be settled. On or about January 3, 1957, however, they were notified that the respondents would not settle. It was not until a year later (on or about January 31, 1958) that the respondents served what purported to be

an answer to the libel. Although the libel had been dismissed on June 12, 1956 the proctors for the respondents took the oral deposition of the libellant on or about February 19, 1958. It was not until September of 1958 that the proctors for the libellant moved to vacate the order dismissing the action for failure to prosecute, and on September 18, 1958 the said order of dismissal was vacated, the action was restored to the Admiralty docket and the respondents were granted leave to file an answer to the libel together with an impleading petition. The papers in support of the motion to vacate the order of dismissal included a stipulation between the proctors for the libellant and the proctors for the respondents, to the effect that the respondents be granted leave to file an impleading petition against the Commercial Metals Company and Pittston Stevedoring Corporation, and leave to file an impleading petition was granted. Commercial Metals Company, the impleaded respondent, answered the impleading petition and the libel on November 17, 1958, and, on that date, served written interrogatories upon the libellant. To date these interrogatories have not been answered.

Nevertheless on January 31, 1959 the proctors for the libellant filed a note of issue and the statement of readiness required by Rule 1 of the Calendar Rules of this Court. The statement certifies, among other things, as follows:

"4. The parties have held all necessary examinations and all other necessary discovery proceedings have been completed.

"5. That the case is in all respects ready for trial."

Apparently, the proctors for the libellant construe Rule 1 as applying only to the libellant and the respondents. It is apparent that all necessary examinations and all other necessary discovery proceedings have not been completed as between the impleaded respondent, Commercial Metals Company, and the libellant, that the libellant has not answered the interrogatories propounded to him by said impleaded respondent, and that

the proctors for the libellant were aware of these facts when they filed the note of issue and the said statement. At that time, they also knew that the case was not in all respects ready for trial.

The delay from the date of the filing of the libel on June 22, 1953, to the date when this case will be "in all respects ready for trial" is shocking, inexcusable, and in no way attributable to the Court. The number of admiralty cases on the trial calendar total less than fifty, and the Court is now calling admiralty cases where the libels were filed as recently as June 6, 1957.

Rule 1 is designed to keep cases off the trial calendar until they are actually ready for trial. This case is not entitled to be placed on the trial calendar and the clerk is hereby directed to disregard the said note of issue heretofore filed by the proctors for the libelant.

This is an order.